UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Vidal D. Borromeo,

       Debtor.

_____/

Case No. 11-63634
Chapter 7
Hon. Walter S. Shapero

Jane Doe,

       Plaintiff,

v.

Vidal D. Borromeo

       Defendant.

_____/

Adv. P. No. 11-07028

**OPINION DENYING PLAINTIFF'S MOTION TO RESTRAIN TRANSFER OF ASSETS**

This matter is before the Court on plaintiff Jane Doe's Motion to Restrain Transfer of Assets (Adv. P. Dkt. # 73). Plaintiff has a nondischargeable consent judgment against defendant/debtor Vidal Borromeo ("Debtor"). She seeks an order prohibiting Debtor from transferring funds he receives monthly from a pension, which he uses to pay another judgment creditor, his ex-wife. For the reasons stated in this Opinion, Plaintiff's Motion is denied.

**Findings of Facts**

Debtor is a medical doctor who was employed by William Beaumont Hospital ("Beaumont") through the late 1990's, when he left to begin his own practice, from which he retired in 2011.

On September 2, 2011, Debtor filed a voluntary chapter 7 bankruptcy petition. He did not disclose an interest in any pension funds on Schedule B, nor did he exempt any pension funds on Schedule C. Included on Schedule F is a medical malpractice "claim" owed to a plaintiff Jane

Doe in the amount of $500,000, and included in the Statement of Financial Affairs is a reference to a state court judgment apparently in respect to that claim.

On December 12, 2011, Plaintiff filed an adversary complaint against Debtor seeking denial of discharge pursuant to 11 U.S.C. § 727 or dismissal of the case pursuant to 11 U.S.C. § 707. Plaintiff thereafter moved to amend the complaint to include a claim for nondischargeability of her malpractice judgment pursuant to 11 U.S.C. § 523(a)(6). Before the motion to amend was ruled on, all of the issues between the parties, including any issues arising under § 523(a)(6), were sent to mediation.

On March 7, 2012, a consent judgment of divorce was entered in Oakland County Circuit Court dissolving Debtor's 35 year marriage to Bernadette Borromeo. The Judgment provides that Debtor pay his ex-wife $3,600 per month in spousal support. It also provides that "the parties shall each be awarded the retirements saving in their own names as their separate property free and clear of any right, title or claim by or on behalf of the other party." (Consent Judgment of Divorce, Plaintiff's Ex. 3 at 4).[1] No specific retirement savings accounts or pensions were listed or enumerated in the judgment of divorce.

On July 20, 2012, Debtor received a discharge in his bankruptcy.[2]

On June 7, 2013, Plaintiff and Debtor entered into a settlement agreement incident to the mediation ("Settlement Agreement"), pursuant to which Debtor made a $23,000 payment to Plaintiff.

---

[1] Unless otherwise specified, exhibit numbers/letters refer to exhibits admitted at the hearing held on June 15, 2015.

[2] The discharge was set aside on September 6, 2012 but then reinstated pursuant to the Judgment of Nondischargeability entered by this Court on August 5, 2013.

On August 5, 2013, a Consent Judgment of Nondischargeability against Debtor was entered in the amount of $300,000 ("Consent Judgment" or "Nondischargeable Judgment"). The Consent Judgment incorporated the Settlement Agreement and stated:

> as set forth in the settlement agreement. . . the judgment may be wholly satisfied if Defendant pays Plaintiff the sum of $260,000.00 under the terms agreed to in the parties' mediatio/n settlement agreement. . . . If there is a default under the settlement agreement following notice and failure to cure, the judgment set forth above [in the amount of $300,000.00] shall be immediately enforceable and Plaintiff may employ all procedures available under applicable law to satisfy the judgment amount, which shall then accrue interest at the applicable statutory rate(s) from the time of default.

Consent Judgment (Adv. P. Dkt. No. 67).

As all of the damages awarded to Plaintiff under the Settlement Agreement were awarded pursuant to the § 523(a)(6) claim, the Consent Judgment also granted Plaintiff's motion to amend the complaint to add a count under that section. Apart from the $23,000 paid to Plaintiff in June, 2013, Debtor has made no other payments to Plaintiff.

On August 9, 2013, Debtor's bankruptcy case was closed.

On or about November 5, 2013, Debtor received a letter from Beaumont, his former employer, regarding retirement checks. That letter, and the documents attached to it, indicated that: (a) Debtor was entitled to a monthly pension payment from Beaumont in the amount of $840 beginning December 1, 2013, and (b) in the event of Debtor's death, his beneficiary, listed as Bernadette Borromeo, was entitled to those payments until November 1, 2023. In addition to the monthly payments, Debtor was "entitled to a one-time payment in the amount of $17,235.98 which represents payment back to April 1 following the year in which he turned age 70.5." (Debtor's Ex. D).

The William Beaumont Hospital Employees' Retirement Plan, which became effective

on January 1, 2014, included the following provision regarding assignment of benefits:

> For the protection of your interests and those of your dependents, your benefits under the Plan cannot be assigned and, to the extent permitted by law, are not subject to garnishment or attachment by your creditors. However, the Plan must honor a "qualified domestic relations order." A qualified domestic relations order is a decree or order issued by a court which obligates you to pay child support or alimony, or otherwise allocates a portion of your interest in the Plan to your spouse, former spouse, child or other dependent. If the Plan receives a qualified domestic relations order, all or a portion of your benefits may be used to satisfy the obligation.

Beaumont Retirement Plan, Plaintiff's Ex. 4, at 21.

On December 1, 2013, Debtor began receiving the pension payments from Beaumont. The payments were made by the pension plan administrator.

Plaintiff was not receiving payments from Defendant pursuant to the terms of the Consent Judgment so, on January 3, 2014, Plaintiff moved to enforce that Judgment. On January 31, 2014, in an Order enforcing the Consent Judgment, the Court found that Debtor was in breach of the June 7, 2013 Settlement Agreement "by defaulting on his December 1, 2013 payment obligation to Plaintiff and failing to cure that default within 30 days." The Court ordered "that as a result of Defendant's breach the $300,000.00 nondischargeable judgment previously entered by this Court, minus the payment of $35,000 made by Defendant previously. . . $265,000.00 is now due and owing with interest at the applicable statutory rate from the date of the default (12/1/13) by the Defendant, Dr. Vidal D. Borromer."

On November 6, 2014, Defendant appeared for a judgment creditor's exam conducted by counsel for Plaintiff. During that exam, Plaintiff apparently first became aware of the Beaumont pension. Debtor testified that he was using the pension money to pay his ex-wife the amount he was obligated to pay her each month under the judgment of divorce. While that amount was

4

$3,600 per month, Debtor was only able to pay her $3,100 per month.[3] He indicated that about a week before the creditor's exam, he contacted the pension plan administrator and asked it to deposit the $840 Beaumont pension directly into his ex-wife's bank account. He proffered no paperwork or evidence of a formal transfer or assignment and testified that he could not recall having signed any paperwork regarding such. There is no evidence in the record regarding whether the plan administrator complied with Defendant's request regarding the deposits.

On January 2, 2015, Plaintiff filed the extant Motion to Restrain Transfer of Assets seeking entry of an order prohibiting Debtor from transferring the Beaumont pension payment to his ex-wife for at least two years. On January 28, 2015, Debtor responded to the Motion, asserting that under Michigan law (Mich. Comp. Laws. § 600.6023(1)(k)), pensions are exempt from execution by judgment creditors and the Court cannot enjoin transfer of the pension or otherwise dictate the manner in which Debtor uses the funds.

On March 5, 2015, this Court held a preliminary hearing on the Motion and ruled that, temporarily, Debtor "is restrained from transferring his interest in any pension he may be entitled to arising from his former employment at the William Beaumont Hospital." The Court then set a full evidentiary hearing regarding "issues relating to the right of Plaintiff to seek to satisfy her judgment against the pension as well as any other issues relating to the assets of Debtor that may be subject to being used to satisfy this judgment." At that evidentiary hearing, Debtor was the sole witness and his testimony was consistent with the testimony previously given at the creditor's exam. At the end of the hearing, the parties agreed that the dispositive issue to be then

---

[3]Debtor testified that in addition to the pension, he receives monthly social security payments, some money from family members in the Philippines and some money from his son. His total monthly income only slightly exceeds the $3,600 payment he owes his ex-wife.

decided by this Court was whether the Beaumont pension was exempt from collection by a judgment creditor.[4] If the pension is exempt under state law, the parties appear to agree that the Court cannot prohibit the transfer of the pension funds. Plaintiff also asserts that even if it is so exempt, Debtor's attempt to assign or transfer the pension payments to his ex-wife voided the exemption.

## Analysis

Plaintiff in this matter is a judgment creditor with a nondischargeable judgment against Debtor, and Debtor's ex-wife is also a judgment creditor with a nondischargeable judgment against him. It appears that Debtor is: (a) currently making monthly payments to his ex-wife, in part, by having the Beaumont pension administrator deposit his monthly pension check directly into his ex-wife's bank account, and (b) currently making no payments to Plaintiff.

The applicable Michigan statute is Mich. Comp. Laws. § 600.6023(1)(k). It provides, in relevant part:

> (1) **The following property of a judgment debtor and the judgment debtor's dependents is exempt from levy and sale under an execution**:
> . . .
> (k) **The right or interest of a person in a pension**, profit-sharing, stock bonus, or other plan that is qualified under section 401 of the internal revenue code of 1986, 26 USC 401, or an annuity contract under section 403(b) of the internal revenue code of 1986, 26 USC 403, if the plan or annuity is subject to the employee retirement income security act of 1974, Public Law 93-406, 88 Stat. 829. This exemption applies to the operation of the federal bankruptcy code, as permitted by section 522(b)(2) of the bankruptcy code, 11 USC 522. This exemption does not apply to any amount contributed to a pension, profit-sharing, stock bonus, or other qualified plan or a 403(b) annuity if the contribution occurs within 120 days before the debtor files for bankruptcy. **This exemption does not apply to the right or interest of a person in a pension**, profit-sharing, stock bonus, or other qualified plan or a 403(b) annuity **to the extent that**

---

[4] To the extent that issues were raised regarding other assets, including real property located in the Philippines (or proceeds thereof), those issues were abandoned.

> **the right or interest in the plan or annuity is subject to either of the following:**
>
> > **(i) An order of a court pursuant to a judgment of divorce** or separate maintenance.
> >
> > (ii) An order of a court concerning child support.

Mich. Comp. Laws § 600.6023(1)(k)(emphasis added). The statute is straightforward. As a general rule, under Michigan law, certain types of pensions are exempt from levy and sale under execution, and judgment creditors cannot seek payment from those funds.

Plaintiff in the present case is a judgment creditor. The funds she seeks to enjoin from transfer (to another judgment creditor) are Defendant's monthly Beaumont pension payments.[5] Therefore, the plain language of the statute exempts the pension from Plaintiff's claim. Plaintiff cites no case law or other authority rendering the plain language of the statute inapplicable to the Beaumont pension.

Express language included in the Beaumont pension plan also recognizes the state law protection for pensions. It states that "[f]or the protection of your interests and those of your dependents, your benefits under the Plan cannot be assigned, and to the extent permitted by law, are not subject to garnishment or attachment by your creditors." (Beaumont Retirement Plan, Plaintiff's Ex. 4 at 21). Thus, the statute, bolstered by the plan language, clearly dictates that Defendant's Beaumont pension is protected from Plaintiff's collection efforts.

As noted, Plaintiff contends that even if the Beaumont pension is exempt pursuant to § 600.6023(1)(k), under subsection (i), the pension exemption does not apply to an interest in a pension "to the extent that the right or interest in the [pension] is subject to . . [a]n order of a

---

[5] The Court assumes that the subject Beaumont pension falls within the pensions described in the statute. Neither party argues otherwise.

7

court pursuant to a judgment of divorce[.]" Plaintiff appears to be asserting that by assigning (or attempting to assign) the monthly Beaumont payments to his ex-wife in satisfaction (or partial satisfaction) of his support obligation, those payments have somehow become "subject to an order of the court pursuant to a judgment of divorce" and are no longer protected by the state law exemption.

Plaintiff's argument has no merit. The judgment of divorce clearly left Defendant and his ex-wife each with their own pension/retirement plans. Neither has any claim on the other's pension after the divorce. There is no state court order which awards Defendant's wife an interest in Defendant's pension or requires Defendant to satisfy the support obligation with pension funds. Plaintiff admitted as much in her post-petition brief ("the judgment of divorce does not specifically assign the pension" (Plaintiff's Post-Hearing Brief, Adv. P. Dkt. # 99 at 4)). Mich. Comp. Laws § 600.6023(1)(k)(i) is simply inapplicable to the facts in the present case.

At the hearing before this Court, Defendant testified that he attempts to pay the entire support obligation he owes his ex-wife every month through whatever means he has available. His attempt to pay his support obligation by directing the plan administrator to deposit the monthly Beaumont pension check directly into his wife's bank account does not transform those payments into court ordered payments pursuant to a judgment of divorce.

In addition to arguing that the state law pension exemption does not apply to the Beaumont pension payments, Plaintiff makes several arguments relating to alleged bad faith by Debtor in the bankruptcy proceeding. One such is that Defendant intentionally omitted the Beaumont pension from his bankruptcy schedules and, therefore, that omission deprives

8

Defendant of any exemption he might have been entitled to.

There are any number of problems with this argument. First, Defendant's bankruptcy case is closed and no motion has been filed to reopen the case to properly raise the issue. The issue before the Court now is a post-bankruptcy state law collection matter, not a substantive good faith or other challenge to the bankruptcy proceeding itself. Second, while Plaintiff may argue or even believe that the Beaumont pension was intentionally omitted from the bankruptcy schedules, the record so far belies such a conclusion. At the time Defendant's bankruptcy petition was filed in September, 2011, Defendant had been self-employed for at least ten years. He did not receive notice from Beaumont regarding his pension until November, 2013, three months after his bankruptcy case was closed. A debtor's failure to schedule an asset of which he had no knowledge is not bad faith relating to the non-listing of the asset, and even if it were, it does not necessarily involve a finding of bad faith in the filing of the case istself. Third, even if Defendant had been aware of the pension at the time his bankruptcy petition was filed, it does not appear that the Beaumont pension would have been property of the estate. 11 U.S.C. § 541(a) broadly defines property of the estate to include all legal or equitable interests of the debtor in property. The bankruptcy code excludes from the bankruptcy estate property of the debtor that is subject to a restriction on transfer enforceable under "applicable non bankruptcy law." 11 U.S.C. § 541(c)(2). An anti-assignment or anti-alienation clause under ERISA constitutes such an enforceable restriction. *Patterson v. Shumate*, 504 U.S. 753 (1992). *See also Corzin v. Larson (In re Larson)*, 340 B.R. 852, 857 (Bankr. N.D. Ohio 2006).[6]  It is a

---

[6]The Sixth Circuit has adopted a three-part test for determining whether a debtor's interest in property is excluded from property of the estate under § 541(c)(2): "First, does the debtor have a beneficial interest in a trust? Second, is there a restriction on the transfer of that interest?

fundamental rule that "no property can be exempted (and therefore immunized) unless it first falls within the bankruptcy estate." *Owen v. Owen*, 500 U.S. 305, 308 (1991). See also *U.S. v. Rogers*, 558 F.Supp.2d 774, 785 (N.D. Ohio 2008). Based on the record before this Court, including the Beaumont pension plan admitted into evidence at the June 15, 2015 hearing, it appears that the Beaumont pension is an ERISA pension and, if so, a beneficial interest in such a pension was not property of the bankruptcy estate. Because the pension was not property of the bankruptcy estate, its omission from Defendant's bankruptcy schedules perforce raises no questions of bad faith. Fourth, even if no bankruptcy case had ever been filed, given the state exemption statute, Plaintiff has not presented to this court any legal basis for the relief sought

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Restrain Transfer of Assets is DENIED and the Court is entering an appropriate order.

**Signed on September 11, 2015**

                                              **/s/ Walter Shapero**
                                       **Walter Shapero**
                                       **United States Bankruptcy Judge**

---

Third, is the restriction enforceable under nonbankruptcy law?" *In re Carter-Bland*, 382 B.R. 743, 750 (Bankr. N.D. Ohio 2008).